IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-HC-2034-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RANDLE PORTER COOKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motions to dismiss (DE # 4 and DE # 14) the government's petition for commitment pursuant to 18 U.S.C. § 4248. Petitioner has filed responses in opposition. The matter is ripe for ruling. For the reasons that follow, respondent's motions to dismiss are denied without prejudice.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to 18 U.S.C. § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) ("Adam Walsh Act"). Respondent's first motion to dismiss this action incorporates by reference the arguments originally made in United States v. Comstock, No. 5:06-HC-2195-BR (E.D.N.C.). Appellate litigation in Comstock has largely foreclosed respondent's arguments.

On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010), upheld 18 U.S.C. § 4248 as valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit Court of Appeals for further proceedings. Upon remand, the Fourth Circuit held that the "clear and convincing evidence" standard by which the government must prove an

individual is sexually dangerous for purposes of commitment under § 4248 does not violate the constitutional guarantee of due process. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010). Therefore, the appellate decisions in Comstock provide no grounds on which to grant respondent's motion to dismiss.

In his second motion to dismiss, respondent argues that the present commitment action should be dismissed for the reasons set forth in United States v. Broncheau, No. 5:06-HC-2219-BO, 2010 WL 4484635, *6 (E.D.N.C. Oct. 29, 2010), appeal docketed, No. 10-7611 (4th Cir. Nov. 18, 2010), which granted motions to dismiss § 4248 actions filed against respondents with unserved terms of supervised release. The court in Broncheau held that "when a respondent has not completed his sentence because he has a remaining term of supervised release, the use of section 4241 is the proper way to initiate proceedings under the Adam Walsh Act." Id. at *7.

Chapter 313 of Title 18 of the United States Code is entitled "Offenders with Mental Disease or Defect." This chapter, which includes sections 4241 through 4248, provides procedures for addressing mental health issues of individuals in varying circumstances within the federal criminal justice system. Section 4241 provides the procedure to be followed when a question arises regarding a person's mental competency, described as the person's ability "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241. Section 4248 authorizes and provides procedures for the civil commitment of persons proven to be sexually dangerous, which requires proof that the person "has engaged or attempted to engage in sexually violent conduct or child molestation, and . . . that the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining

2

from sexually violent conduct or child molestation if released." 18 U.S.C. §§ 4247(a)(5)-(6) and 4248.

As the court in Broncheau correctly described,

> When congress enacted section 4248 as part of the Adam Walsh Act, it also amended 18 U.S.C. § 4241. That statute now permits "*at any time after the commencement of probation or supervised release and prior to the completion of the sentence, . . . the Government [to] file a motion for a hearing to determine the mental competency of the defendant[.]*" 18 U.S.C. § 4241(a) (emphasis added). The statute permits the government to file a motion regardless of whether a defendant has engaged in any conduct which would violate the terms of his supervised release; however, any such motion must be based on "reasonable cause" and the court must hold a hearing. Id. The court must hold an initial hearing, and may order an initial "psychiatric or psychological examination of the defendant" prior to the hearing. Id. § 4241(b). If the court finds "by a preponderance of the evidence" that further evaluation is warranted, the court orders defendant's commitment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether" additional proceedings are warranted. Id. § 4241(d)(1). "If at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, *the defendant is subject to the provisions of sections 4246 and 4248.*" Id. (emphasis added).

Broncheau, 2010 WL 4484635 at *6 (footnote omitted).

The Broncheau court expressed concerns that § 4248 "fails to provide procedural and evidentiary protections sufficient to satisfy procedural due process, on its face and as applied." Id. at *4. The court reasoned that the additional procedural protections found in § 4241, which are "akin to an initial appearance and speedy trial in the criminal context," adequately addressed the court's due process concerns with regard to § 4248. Thus, interpreting Chapter 313 as a single comprehensive commitment scheme, the court in Broncheau dismissed the directly filed § 4248 actions, holding that the government should have allowed respondents to commence the term of supervised release, at which point the government could determine whether to pursue § 4241 proceedings, which may later lead to a § 4248 proceeding. Id. at *7.

3

The district court's decision in Broncheau was entered on October 29, 2010, and is currently on appeal. Subsequent to the district court's ruling, the Fourth Circuit issued its most recent opinion in the Comstock case, which substantially weakens the due process rationale underpinning Broncheau. See United States v. Comstock, 627 F.3d 513, 518-24 (4th Cir. 2010). In rejecting a due process challenge, the Fourth Circuit noted the general difficulty in overcoming the presumption that Congress has complied with the Constitution. Id. at 518. In the specific context of the Adam Walsh Act, the Fourth Circuit held that § 4248's provision for "professional review and opportunity for correction of an erroneous commitment" reduces the need for the rigorous procedural due process protections required in criminal cases. Id. at 521. Although the court in Comstock declined to specifically adopt the view that § 4248 is civil, not criminal in nature, Comstock 627 F.3d at 518, n.1, the opinion strongly suggests, and this court finds, that § 4248 is a civil proceeding. Thus, the Fourth Circuit's opinion suggests that § 4248 affords respondents the appropriate level of due process, without the additional procedures of § 4241, and that the due process rationales underpinning Broncheau have been substantially weakened. As such, the court cannot agree with respondent that his motion to dismiss should be granted based on the reasoning of Broncheau.

Accordingly, respondent's motions to dismiss (DE # 4 and DE # 14) are DENIED without prejudice.

SO ORDERED, this the 25th day of March, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge