IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-HC-2034-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RANDLE PORTER COOKE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This case comes before the court on the government's motion (D.E. 55), supported by a memorandum (D.E. 56), to exclude the report (D.E. 57) and testimony (collectively "opinions") of psychiatrist Moira F. Artigues, M.D. ("Artigues") or, in the alternative, to extend the discovery period to enable the government to depose Artigues. The government also seeks denial of payment of any of Artigues' fees. In his memorandum in response (D.E. 58), respondent opposes the exclusion of Artigues' opinions, but agrees to extension of the discovery period. Respondent also agrees to payment of Artigues' fees through Criminal Justice Act ("CJA") funds, rather than by the Department of Justice ("DOJ"). The court heard argument on the motion at a recent status conference. (*See* D.E. 63). For the reasons set forth below, the motion will be allowed in part and denied in part without prejudice.

## BACKGROUND

In this action, commenced on 9 March 2009, the government seeks to commit respondent as a "sexually dangerous person" under 18 U.S.C. § 4248. On 6 December 2010, the court issued an order (D.E. 24) granting respondent's motion (D.E. 13), pursuant to 18 U.S.C. § 4247(b), to appoint Artigues as an additional mental health examiner selected by respondent. On 11 March 2011,

respondent filed a motion (D.E. 35) for the appointment of psychologist Joseph Julian Plaud, Ph.D. ("Plaud"), also pursuant to § 4247(b), as a second additional mental health examiner selected by respondent. At the hearing on the motion, respondent argued that Plaud's appointment would not be duplicative of Artigues' because Artigues' report would be limited to the impact of respondent's physical condition on his sexual dangerousness. (*See* Order (D.E. 40) 1 n.1). The court allowed the motion and appointed Plaud. (*See id.* 1). Plaud's report (D.E. 43) was filed under seal on 5 May 2011. Artigues' report, dated 16 June 2011, was filed under seal as an exhibit to the present motion.

Artigues, a medical doctor, is board certified in psychiatry and neurology.[1] In her report, she opines that respondent's serious medical problems greatly reduce his risk of sexual reoffending. Artigues' opinions are based, in part, on an interview of respondent on 2 June 2011.

## DISCUSSION

### I. STANDARD FOR ADMISSION OF EXPERT TESTIMONY

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. The proponent of the expert testimony bears the burden of establishing its admissibility by a preponderance of proof. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). A district court is granted broad latitude in making its determination on the admissibility of proposed expert testimony. *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994) ("The trial judge has broad discretion under Rule 702.").

Rule 702 provides that expert testimony is appropriate when it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 702 further provides that a witness qualified as an expert may be permitted to testify where "(1) the testimony

---

[1] Although Artigues' curriculum vitae has not been filed in this case, the court is familiar with her qualifications as a result of the filing of her curriculum vitae in at least one other case in this court arising under 18 U.S.C. § 4248. *United States v. Wiseman*, 5:07-HC-2103-D (E.D.N.C.) (D.E. 57-1).

is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.* Courts have distilled Rule 702's requirements into two crucial inquiries: whether the proposed expert's testimony is relevant and whether it is reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *United States v. Forrest*, 429 F.3d 73, 80 (4th Cir. 2005). The trial court must carry out the special gate-keeping obligation of ensuring that expert testimony meets both requirements. *Kumho Tire*, 526 U.S. at 147; *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006).

In order to be considered relevant, the proposed expert testimony must appear to be helpful to the trier of fact. *See Daubert*, 509 U.S. at 591-92. "Testimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (cited in *Lacayo v. Sodoma*, No. 97-1101, 1997 WL 583639, at *3 (4th Cir. 22 Sept. 1997)); *accord Koger v. Norfolk S. Ry. Co.,* No. 1:08-0909, 2010 WL 692842, at *1 (S.D. W. Va. 23 Feb. 2010) (citing *Kopf*).

"'[T]he test of reliability is flexible' and 'the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination.'" *United States v. Wilson*, 484 F. 3d 267, 274 (4th Cir. 2007) (emphasis added) (quoting *Kumho Tire*, 526 U.S. at 141-42). One factor pertinent to reliability is the proposed expert's qualifications. *See Sawyer v. Southwest Airlines Co.*, 243 F. Supp. 2d 1257, 1266 (D. Kan. 2003). A witness may qualify to render expert opinions in any one of the five ways listed in Rule 702: knowledge, skill, experience, training, or education. *Kumho Tire*, 526 U.S. at 147. The Fourth Circuit has ruled that, when an expert's qualifications are challenged, "'the test for exclusion

3

is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered.'" *Kopf*, 993 F.2d at 377 (quoting *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799 (4th Cir. 1989)); *accord The Harvester, Inc. v. Rule Joy Trammell & Rubio, LLC*, No. 3:09cv358, 2010 WL 2653373, at *1 (E.D. Va. 2 July 2010) (citing *Kopf*).

Other factors also bear on the reliability of the expert's testimony. They may include: "(1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether a technique has a high known or potential rate of error and whether there are standards controlling its application; and (4) whether the theory or technique enjoys general acceptance within the relevant community." *Tunnell v. Ford Motor Co.*, 245 Fed. Appx. 283, 286 (4th Cir. 2007) (citing *Kumho Tire*, 526 U.S. at 149-50); *accord Daubert*, 509 U.S. at 593-94.

The Supreme Court and the Fourth Circuit have emphasized that the determination on reliability should be a flexible one. "In making its initial determination of whether proffered testimony is sufficiently reliable, the court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (citing *Kumho Tire*, 526 U.S. at 150-52).

Of course, the admission of expert testimony must be considered within the context of the other rules of evidence. In particular, Rule 403 provides that the court must ensure that the probative value of any proffered evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

4

or needless presentation of cumulative evidence." Fed. R. Evid. 403. As this court has noted, "[d]espite the court's ability to exercise broad discretion and flexibility when determining the admissibility of expert testimony, the court must balance this discretion with the concerns of Rule 403 to ensure that the probative value of the proffered testimony is not 'substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 725 (E.D.N.C. 2007) (quoting Fed. R. Evid. 403).

## II.    RELEVANCE OF ARTIGUES' OPINIONS

The government challenges the relevance of Artigues' opinions. It contends, in part, that Artigues' opinion that respondent's physical limitations reduce his risk of reoffending is not relevant to the issue of whether respondent is a sexually dangerous person as defined by 18 U.S.C. § 4247. (Pet.'s Mem. (D.E. 56) 8). Under the statutory definition, a sexually dangerous person is "a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who . . . suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(5) & (6). A person's capability to perform certain acts is fundamentally relevant to his ability to refrain from performing those acts.

Moreover, the scientific principles at issue are not within the everyday knowledge and experience of a lay juror. Artigues' opinion would provide the court information on the issue of respondent's sexual dangerousness and would therefore be helpful to it. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941, 946 (W.D. Wis. 2008). The government's initial challenge to the relevance of Artigues' opinions is therefore without merit.

The government also challenges the relevance of Artigues' opinions on the grounds that they are duplicative of Plaud's report because it already addresses respondent's ongoing major medical problems and how they affect his risk for reoffense. Although it is true that Plaud's report lists some of respondent's medical conditions and makes general reference to their effect on his risk of reoffense, Artigues' report describes additional medical conditions not mentioned in Plaud's report and goes into greater detail. Moreover, Artigues' expertise as a physician with regard to assessing medical conditions is necessarily different from Plaud's as a psychologist. Therefore, Artigues' opinions are not duplicative of Plaud's.[2] The court concludes that Artigues' opinions meet the requirement of relevancy.

## III.    RELIABILITY OF ARTIGUES' OPINIONS

The government does not contest Artigues' qualifications to serve as an expert in this case, and the court finds that she is qualified. Instead, the government's challenge to the reliability of Artigues' opinions is based on her methodology. The government objects that Artigues failed to conduct a physical examination of respondent and to indicate whether she reviewed the voluminous medical records disclosed by the government.

But, as indicated, Artigues did interview respondent. Her report also shows that she reviewed at least some records on respondent. There can be no question that she has the qualifications–again, not challenged by the government–to make a judgment as to the extent of the investigation needed to develop the opinions she offered.

---

[2] The government makes the related argument that Artigues' opinions should be excluded because their limited focus violated the order appointing her. Under the circumstances presented, the court does not believe that exclusion is warranted on this ground.

The court finds that the government has not shown that the methodology used by Artigues is so substantially deficient that it renders her opinions inadmissible for lack of reliability. Rather, the government's objections ultimately go to the weight due her opinions, not their admissibility, even though some of the objections may have a legitimate basis. Expert testimony need not be "irrefutable or certainly correct" to be sufficiently reliable to be admitted. *Nucor Corp. v. Bell*, 2008 WL 4442571, at * 9 (D.S.C. 11 Jan. 2008) (finding that "[a]lthough defendants make valid points that speak to the weight the finder-of-fact may give [the proposed expert's] testimony, their criticism does not demonstrate that all of his testimony is so unreliable that it should be excluded"); *see also Westberry,* 178 F.3d at 261; *PBM Products, LLC v. Mead Johnson Nutrition Co.*, No. 3:09-CV-269, 2010 WL 56072, at *8 (E.D. Va. 4 Jan. 2010) (rejecting motion to exclude expert where arguments primarily attacked conclusions reached, not methods used). The government's criticisms can appropriately be advanced through cross-examination of Artigues and presentation of contrary evidence. *See Westberry,* 178 F.3d at 261; *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, No. WDQ–08–2764, 2010 WL 1375301, at *7 n.13 (D. Md. 30 Mar. 2010) ("The Court recognizes that the flaws [defendant] notes are potentially serious, but even assuming the accuracy of [defendant's] criticisms, '[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'") (quoting *Daubert*, 509 U.S. at 596)).[3]

---

[3] *See also Gell v. Town of Aulander*, No. 2:05-CV-21-FL, 2008 WL 5545036, at *14 (E.D.N.C. 1 Dec. 2008) (holding that degree of thoroughness of expert's evaluation went to weight due his testimony, not admissibility); *Reynolds v. Crown Equip. Corp.*, No. 5:07CV00018, 2008 WL 2465032, at *15-16 (W.D. Va. 16 June 2008) (finding expert's testimony sufficiently reliable and noting that inconsistencies would be subject to vigorous cross-examination and would go to the weight given expert's testimony, not admissibility).

The government's challenge to the reliability of Artigues' opinions having failed, as did the challenge to their relevance, the request to exclude Artigues' opinions will be denied. The denial of this portion of the government's motion, along with the underlying analysis, is necessarily based on the record as it currently stands. It is therefore subject to further development of the record in proceedings before and during the commitment hearing in this case, and the authority of the presiding District Judge over such proceedings.

## IV. OTHER MATTERS

### A. Extension of the Discovery Period

In the event the court denied exclusion of Artigues' opinions, as it is doing, the government requested 30 days in which to depose Artigues. The request, unopposed by respondent, is reasonable, particularly because it will not interfere with the dates proposed by the parties for the hearing in this case, the earliest of which are in October 2011 (*see* D.E. 61, 62).

The government indicated that it received Artigues' report under cover letter dated 20 June 2011. Therefore, the open discovery period described in paragraph 4(j) of Standing Order 10-SO-01 is deemed to have commenced on 20 June 2011 and will close on 19 August 2011. This deadline will be extended for the sole purpose of allowing the government to take the deposition of Artigues within the next 30 days, up to 9 September 2011.

### B. Payment of Artigues' Fees

As indicated, the government seeks denial of payment of respondent's fees, while respondent agrees to payment with CJA funds, rather than by the DOJ. Given the court's determination that Artigues' opinions will not be excluded, the request that she not be paid will be denied. But under

the unique circumstances presented, the court will direct that she be paid with CJA funds, as respondent suggests.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the government's motion (D.E. 55) is ALLOWED IN PART and DENIED IN PART WITHOUT PREJUDICE on the following terms:

1. The exclusion of the opinions of Artigues is DENIED without prejudice to the government's reassertion of a motion for exclusion based on further developments in this case.

2. The government may take the deposition of Artigues on or before 9 September 2011. Discovery shall otherwise close on 19 August 2011.

3. Artigues shall be paid with CJA funds; the DOJ shall not be responsible for payment of any of her fees.

SO ORDERED, this 10th day of August 2011.

James E. Gates
United States Magistrate Judge