IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-HC-2034-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RANDLE PORTER COOKE, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion (D.E. 64), supported by a memorandum (D.E. 65) with exhibits (D.E. 65-1 to -8), to compel responses by respondent to the government's first set of interrogatories (D.E. 65-3) and first set of requests for production (D.E. 65-4) (collectively "discovery requests"), pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Respondent did not file a response to the motion and the time for doing so has expired. For the reasons set forth below, the motion will be allowed.

## BACKGROUND

The government served its discovery requests on respondent by mail on 5 May 2011. (*See* 1st Set of Int. 22; 1st Set of Prod. Req. 7). The responses to the discovery requests were therefore due by 9 June 2011. *See* Fed. R. Civ. P. 33(b)(2) (establishing 30-day response deadline for interrogatories); 34(b)(2)(A) (establishing 30-day response deadline for production requests); 6(d) (allowing 3 additional days when service is by mail). Respondent served his responses on 20 June 2011. (*See* Cover Ltr. from Resp.'s Counsel (D.E. 65-2) (misdated 2010); Gov.'s Mem. 1-2).

Respondent signed the response (D.E. 65-5) to the interrogatories, but his counsel did not, as required by Rule 26(g)(1). Both respondent and his counsel signed the response (D.E. 65-6) to

the requests for production, but counsel did not include with his signature the information required by Rule 26(g)(1). Neither response had attached a certificate of service.

Respondent asserted at least one objection to each of the interrogatories and provided a substantive answer to only one, no. 20. As to the requests for production, respondent objected to requests nos. 1 to 10, but responded substantively to nos. 11 to 15.[1] Although the objections included claims of privilege, respondent did not produce a log of the information being withheld on privilege grounds as required by Rule 26(b)(5)(A).

By letter to respondent's counsel dated 23 June 2011 (D.E. 65-7), counsel for the government attempted to resolve the parties' differences over the discovery requests. Respondent's counsel's office responded by letter the same day that respondent's counsel was out of the office, but would "take care of the discovery matters the week of July 11." (*See* Ltr. from Resp.'s Counsel (D.E. 65-8)). Counsel for the government has not received a substantive response to his 23 June 2011 letter. (Gov.'s Mem. 3). On 22 July 2011, the government's counsel informed respondent's counsel that he intended to file a motion to compel, but respondent's counsel did not request additional time to supplement the responses or suggest some other resolution. (*Id.*).

The government filed its motion to compel on 1 August 2011. The response was therefore due by 15 August 2011. *See* Local Civ. Rule 7.1(e)(2), E.D.N.C. As indicated, respondent has not filed a response.

---

[1] As part of his response to requests for production nos. 13 and 14, respondent states: "These are all known to date, but as has been said, tomorrow is another day." (Resp. to 1st Set of Prod. Req., nos. 13 & 14). Given this allusion to the possibility of respondent's acquisition of additional responsive materials, the court reminds respondent of his obligations to supplement his responses under Rule 26(e).

**DISCUSSION**

The lack of a signature on respondent's response to the interrogatories renders it, in essence, a nullity. Further, the failure of respondent to respond to the interrogatories and requests for production timely, to serve a log of the materials he claims are privileged, apparently to participate meaningfully in the government's attempts to resolve the parties' disputes over the discovery requests, or to respond to the motion to compel at all arguably waives all the objections he asserts. In its discretion, the court will address respondent's objections. But the court's election to do so in this instance should not be interpreted as an indication that such failures in the future will be met with similar indulgence, rather than summary allowance of the motion to compel.

**I. INTERROGATORIES**

Treating the interrogatories as if they were signed for purpose of analysis, the court finds that the objections based on the contention that the government already has possession of the requested information are invalid. This is not a permissible basis for objection. *See, e.g., Jackson v. West Virginia University Hospitals, Inc.*, Civ. Act. No. 1:10cv107, 2011 WL 1831591, at *1, *2 (N.D. W. Va. 12 May 2011); *Alberts v. Wheeling Jesuit University*, Civ. Act. No. 5:09-CV-109, 2010 WL 1539852, at *2 (N.D. W. Va. 19 Apr. 2010). The interrogatories in question seek information within the permissible scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). IT IS THEREFORE ORDERED that no later than 12 September 2011 respondent shall serve complete answers to the interrogatories as to which he asserted solely this objection. The interrogatories subject to this directive are nos. 4, 6 to 10, 14, and 17 to 20. Respondent may answer by identifying by Bates number materials produced in discovery or by docket entry number and page materials filed that he contends contain the requested information. *See* Fed. R. Civ. P. 33(d). The answers shall be signed, under oath, by

3

respondent; be duly signed by respondent's counsel; and have appended thereto a certificate of service. *See* Fed. R. Civ. P. 33(b)(3), (5); 26(g)(1).

The objections based on attorney-client privilege are also baseless. The government states that its "requests do not seek attorney-client privileged information." (Gov.'s Mem. 4). The interrogatories in question seek information within the permissible scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). IT IS THEREFORE ORDERED that no later than 12 September 2011 respondent shall serve complete answers to the interrogatories as to which it asserted solely this objection or this objection and an objection that the government already has the requested information. The interrogatories subject to this directive are nos. 15 and 16. Respondent may answer by identifying by Bates number materials produced in discovery or by docket entry number and page materials filed that he contends contain the requested information. *See* Fed. R. Civ. P. 33(d). The answers shall be signed, under oath, by respondent; be duly signed by respondent's counsel; and have appended thereto a certificate of service. *See* Fed. R. Civ. P. 33(b)(3), (5); 26(g)(1). The answers to these interrogatories may, of course, be included in the same document with the answers to the interrogatories ordered to be served above.

Respondent asserts the psychotherapist-patient privilege in response to interrogatories nos. 1, 2, 3, 5, and 11, and the purported due process privacy privilege in response to interrogatories nos. 12 and 13. He sets forth a few case citations without discussion in support of the objections. Not having filed a response, he makes no attempt to apply the general principles recognized in these cases to the specific setting of cases under 18 U.S.C. § 4248. IT IS THEREFORE ORDERED that by 12 September 2011 respondent shall file a memorandum in support of his objections based on the psychotherapist-patient privilege and the purported due process privacy privilege. By the same date,

4

respondent's counsel shall also file: (1) a log of the information withheld on the basis of the psychotherapist-patient privilege and the purported due process privacy privilege conforming to the requirements of Rule 26(b)(5)(A); and (2) a copy of the original response (D.E. 65-5) to the government's interrogatories that is signed by him in accordance with Rule 26(g)(1). Failure to file the specified memorandum, the privilege log, or the duly signed copy of the original response to the government's interrogatories by 12 September 2011 shall be deemed an abandonment by respondent of his objections to the interrogatories based on the psychotherapist-patient privilege and the purported due process privacy privilege, and he will be required to provide complete responses to the interrogatories challenged on such grounds. Failure to timely file the signed copy of the original response to the interrogatories shall result in the striking of that response. *See* Fed. R. Civ. P. 26(g)(2). The government's response to respondent's memorandum shall be filed within 14 days after service of the memorandum.

## II.    REQUESTS FOR PRODUCTION

Respondent objected to requests for production nos. 1 to 10 by stating simply "[t]he respondent, Randle Porter Cooke, objects and incorporates by reference his answers to the Government's interrogatories." (Resp. to Production Requests nos. 1 to 10). This objection is wholly inadequate. It does not specify which of the objections to the interrogatories respondent purports to be asserting. If it is read to assert them all, the objection is clearly overbroad as to many of the requests for production.

On the merits, the objections that the government already has the materials requested or that the materials are protected under the attorney-client privilege are baseless for the reasons stated above. The requests for production in question seek information within the permissible scope of

discovery. *See* Fed. R. Civ. P. 26(b)(1). IT IS THEREFORE ORDERED that by 12 September 2011 respondent shall produce all the materials (*i.e.*, documents, records, notes, audio or video recordings, or any type of electronically stored information) sought in requests for production nos. 1 to 10 other than materials as to which respondent asserts the psychotherapist-patient privilege or the purported due process privacy privilege. In lieu of producing materials previously produced in discovery or previously filed, respondent may provide the Bates number or docket entry and page number for them, respectively. By that same date, respondent shall serve a supplemental response to the requests for production stating for each of the requests for production nos. 1 to 10 that all materials requested have been produced with the supplemental response or identified therein by Bates number or docket entry and page number, except for those listed in the privilege log provided for below. The amended response shall be duly signed by respondent's counsel; have appended to it a certificate of service; and be filed on the date it is served (without any accompanying materials that are produced). *See* Fed. R. Civ. P. 26(g)(1).

By 12 September 2011, respondent's counsel shall file a log of the materials withheld on the basis of the psychotherapist-patient privilege and the purported due process privacy privilege conforming to the requirements of Rule 26(b)(5)(A). The memorandum specified above shall address the objections asserted in response to the requests for production. Failure to file the specified memorandum, including discussion of the objections to the requests for production, or the privilege log by 12 September 2011 shall be deemed an abandonment by respondent of his objections to the requests for production on the basis of the psychotherapist-patient privilege and the purported due process privacy privilege, and he will be required to provide all materials sought by the requests for production challenged on such grounds.

6

## III. EXPENSES

Rule 37(a)(5) requires, in relevant part, that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" absent a showing that "the opposing party's . . . response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). Respondent shall show cause in the memorandum required herein why the costs of the government's motion should not be assessed against respondent.

## <u>CONCLUSION</u>

The government's motion (D.E. 64) is ALLOWED for the reasons and on the terms set out above.

SO ORDERED, this 29th day of August 2011.

_____
James E. Gates
United States Magistrate Judge