IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-HC-2034-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RANDLE PORTER COOKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following motions: (1) respondent's motion for hearing (DE 143); (2) respondent's motion to appoint expert (DE 144); and (3) petitioner's motion to file out of time (DE 147). These motions have been fully briefed and are now ripe for adjudication. For the following reasons, petitioner's motion to file out of time (DE 147) is ALLOWED, and respondent's motions (DE 143, 144) are DENIED WITHOUT PREJUDICE.

As an initial matter, petitioner requests that it be permitted to file its response to respondent's motions out of time. Mot. (DE 147). Rule 6(b) of the Federal Rules of Civil Procedure allows the court to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b). In determining whether excusable neglect exists, the court should take into account "all relevant circumstances surrounding a party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Gaskins v. BFI Waste

Servs., LLC, 281 Fed. App'x 255, 260 (4th Cir.2008) (holding that district court should apply the Pioneer factors in the context of Rule 6(b) motion). Here, petitioner states "that it had prepared a response well in advance of yesterday's filing deadline but neglected to file said response due in part to the retirement of a critical support staff member and the resulting transition of responsibilities among [government] personnel." Mot. (DE 147), p. 1. In this manner, petitioner has reasonably explained the delay and appears to have acted in good faith. In addition, respondent does not oppose petitioner's request, and, therefore, the danger of prejudice to respondent is low. Accordingly, petitioner's motion to file out of time (DE 147) is ALLOWED, and the court will consider petitioner's response (DE 146).

Respondent was civilly committed pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), 18 U.S.C. §§ 4247-4248, on March 18, 2013 after this court determined that he was a sexually dangerous person (DE 133). He now requests a hearing pursuant to 18 U.S.C. § 4247(h) to determine whether he should be discharged. Section 4247(h) states that:

> [A person committed as a sexually dangerous under the Adam Walsh Act] may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

18 U.S.C. § 4247(h).

In support of his request, respondent argues that "[m]ore than 180 days have passed since" he was committed, and, therefore, "[u]nder 18 U.S.C. 4247(h), [he] is entitled to a review hearing." Resp't. Mot. (DE 76) p. 2. However, § 4247(h) "does not require the Court to conduct a hearing merely because a committed person has waited the required 180 days and then requests one," and a committee's request for a hearing may be denied. United States v. Barrett, No. 5:07-HC-2097,

(DE 132) Order at p. 3 (E.D.N.C. October 30, 2012). Compare 18 U.S.C. § 4247(h), with 18 U.S.C. § 4248(a) (stating that "[t]he court *shall* order a hearing" if the Attorney General or his designee certifies a person as being sexually dangerous) (emphasis added), and 18 U.S.C. § 4248(f) (stating that the court "*shall*" conduct a hearing if a committed person who is conditionally released fails to comply with a prescribed treatment regimen) (emphasis added). Therefore, a request for a hearing pursuant to § 4247(h) must, *inter alia*, state with particularity "the extent to which . . . [the committee's] psychological/psychiatric condition has improved since he was committed" and "what, if anything, [the committee] has done to meet the conditions of release specified in § 4248(d)(2)." Barrett, No. 5:07-HC-2097, (DE 132) Order at pp. 5-6. Failure to make such a showing shall result in denial of the request. Id. See also, United States v. Atherton, No. 5:07-HC-2200, (DE 79) (E.D.N.C. October 9, 2013).

Here, respondent has submitted little evidence or argument in support of his request. Rather, he relies upon the mere passage of time to support his contention that he is entitled to a hearing. Resp't. Mot. (DE 143) p. 1. Although respondent notes that his "health has gone downhill precipitously", he does not present any new factual allegations bearing on his sexual dangerousness.[1] Mot. (DE 143), p. 2. Conversely, petitioner argues that "respondent has yet to begin treatment or take any meaningful steps to address the underlying deviance for which this Court committed him" Pet'r. Resp. (DE 146), p. 6. In summary, respondent has not proffered any evidence demonstrating

---

[1] To obtain a commitment order pursuant to the Adam Walsh Act, the government must prove by clear and convincing evidence that the person: (1) "has engaged or attempted to engage in sexually violent conduct or child molestation" in the past, 18 U.S.C. § 4247(a)(5); (2) currently "suffers from a serious mental illness, abnormality, or disorder"; and (3) as a result of the illness, abnormality or disorder, "would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(6). See United States v. Hall, 664 F.3d 456, 461 (4th Cir. 2012). The court considered respondent's deteriorating health when it determined he was sexually dangerous. March 18, 2013, Order (DE 133), p. 17.

3

a change in circumstances, nor has he rebutted petitioner's contention that he has yet to begin treatment. Accordingly, his motion for a hearing (DE 146) is DENIED WITHOUT PREJUDICE. Likewise, because respondent's motion to appoint expert is predicated on his request for a § 4247(h) review hearing, that motion (DE 144) is also DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 17th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

4